**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL CHRISTOPHER BROWN,**
Plaintiff,

v.

**SHERIFF JOHN W. MINA, in his official capacity; DEPUTY JONATHAN VELEZ, individually; SERGEANT MICHELLE SHAHEED, individually; and DEPUTY JOHN ROSA, individually,**
Defendants.

Case No.: ____________________

**JURY TRIAL DEMANDED**

---

**COMBINED COMPLAINT FOR FEDERAL CIVIL-RIGHTS AND FLORIDA TORT DAMAGES**
**42 U.S.C. § 1983; 28 U.S.C. § 1367; Florida Common Law**

*Plaintiff MICHAEL CHRISTOPHER BROWN, by and through undersigned counsel, sues Defendants and alleges as follows.*

## I. NATURE OF THE ACTION

**1.** This action arises from a law-enforcement encounter in Orange County, Florida, beginning as a purported welfare check of Plaintiff while he was seated in a parked vehicle awaiting a movie and escalating into an armed detention,

handcuffing, warrantless vehicle search, seizure of firearms, arrest, and criminal prosecution. (Ex. A)

**2.** Plaintiff brings federal claims under 42 U.S.C. § 1983 for alleged violations of rights secured by the Fourth and Fourteenth Amendments and invokes supplemental jurisdiction over related Florida tort claims arising from the same nucleus of operative facts.

**3.** Plaintiff alleges that he was cooperative, did not flee, did not threaten the deputies, and did not brandish a firearm. (Ex. I)

**4.** Plaintiff further alleges that evidence obtained during the encounter was later suppressed in the criminal case, the State entered a Nolle Prosequi, and the Circuit Court ordered the return of Plaintiff's firearms. (Ex. F and G)

**5.** Plaintiff seeks compensatory damages, punitive damages against individual Defendants where legally available, declaratory relief where appropriate, attorney's fees under 42 U.S.C. § 1988 for the federal claims, costs, interest, and all other relief authorized by law.

## II. JURISDICTION AND VENUE

**6.** This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims arising under 42 U.S.C. § 1983.

**7.** This Court may grant appropriate declaratory relief under 28 U.S.C. §§ 2201 and 2202.

**8.** This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's Florida-law claims because those claims form part of the same case or controversy as the federal claims.

**9.** Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Orange County, Florida.

**10.** The individual deputy Defendants acted under color of state law at all material times.

## III. PARTIES

**11.** Plaintiff Michael Christopher Brown is an individual who, at all material times, was present in Orange County, Florida.

**12.** Defendant John W. Mina is the Sheriff of Orange County and is sued in his official capacity for the federal official-capacity claim and for Florida claims to the extent permitted by law.

**13.** Defendant Deputy Jonathan Velez was employed by the Orange County Sheriff's Office and is sued individually on the federal claims and on any Florida individual-capacity claim for which the evidence and Florida law permit individual liability.

**14.** Defendant Sergeant Michelle Shaheed was employed by the Orange County Sheriff's Office in a supervisory capacity and is sued individually on the federal

claims and on any Florida individual-capacity claim for which the evidence and Florida law permit individual liability.

**15.** Defendant Deputy John Rosa was employed by the Orange County Sheriff's Office and is sued individually on the federal claims and on any Florida individual-capacity claim for which the evidence and Florida law permit individual liability.

## IV. CONDITIONS PRECEDENT FOR FLORIDA CLAIMS

**16.** To the extent required by section 768.28, Florida Statutes, Plaintiff alleges that all applicable conditions precedent to claims against the governmental entity have been performed, have occurred, have been waived, or will be pleaded by amendment upon confirmation of the notice record.

17. On August 23, 2023, through counsel, Plaintiff provided written notice pursuant to section 768.28, Florida Statutes, concerning claims arising from the November 14, 2022 incident involving Plaintiff and members of the Orange County Sheriff's Office. The notice identified Plaintiff, the date of loss, and the nature of the claims, and was directed by certified mail, return receipt requested, to Sheriff John Mina, Orange County Mayor Jerry L. Demings, and the Chief Financial Officer/Florida Department of Financial Services. (Ex. L)

18. Orange County Risk Management subsequently issued correspondence dated February 23, 2024, concerning notice of Plaintiff's claim and advised counsel that the Orange County Board of County Commissioners' self-insurance program did not

provide coverage for the Orange County Sheriff's Office and that notification should be directed to the Orange County Sheriff's Office. Plaintiff alleges compliance with the applicable conditions precedent to the extent established by the notices, receipts, responses, and other presuit records, and reserves amendment to conform these allegations to the complete presuit-notice record. (Ex. M)

## V. GENERAL FACTUAL ALLEGATIONS

**19.** On or about November 14, 2022, Plaintiff was parked near 8963 International Drive in Orlando, Orange County, Florida, while waiting for the scheduled start of a movie at a nearby theater.

**20.** Plaintiff remained seated in his vehicle, with the vehicle parked, while speaking on his cellular telephone.

**21.** Deputy Velez and Sergeant Shaheed approached Plaintiff's vehicle.

**22.** Testimony later given during the criminal proceedings characterized the initial encounter as a welfare or well-being check.

**23.** Plaintiff alleges that he cooperated with the deputies, did not attempt to flee, did not physically resist, and did not threaten any deputy.

**24.** Sergeant Shaheed approached the passenger side and illuminated the passenger compartment with a flashlight.

**25.** A firearm was observed inside the vehicle near the passenger-seat/console area.

**26.** Plaintiff alleges that the firearm was not brandished, pointed, or used to threaten anyone.

**27.** Plaintiff alleges that the encounter rapidly escalated after the firearm was observed and that deputies pointed firearms toward him.

**28.** Plaintiff was ordered from the vehicle and complied.

**29.** Plaintiff was placed in handcuffs and was not free to leave.

**30.** Plaintiff alleges that contradictory or rapidly changing commands contributed to his fear during the armed encounter.

**31.** While Plaintiff remained restrained, deputies continued questioning him and investigating the vehicle.

**32.** Deputies searched the vehicle, including areas beyond the immediate location of the initially observed firearm.

**33.** A second firearm was located in the glove compartment.

**34.** Both firearms were seized.

**35.** Plaintiff alleges that both firearms were lawfully owned by him.

**36.** Deputy Rosa arrived and participated in the continued investigation and/or questioning while Plaintiff remained restrained.

**37.** Plaintiff was arrested for Carrying a Concealed Firearm under section 790.01, Florida Statutes, as then charged. (Ex. A and B)

**38.** Plaintiff retained counsel and contested the legality of the detention, search, and arrest in the criminal case.

**39.** Plaintiff filed a Motion to Suppress. (Ex. C)

**40.** The County Court conducted an evidentiary suppression hearing on or about March 10, 2023.

**41.** During the suppression proceedings, sworn testimony and body-worn-camera evidence were considered. (Ex. D)

**42.** Plaintiff alleges that issues were raised concerning the completeness, continuity, timestamps, and/or authenticity of portions of the body-worn-camera evidence. (Ex. D)

**43.** Plaintiff alleges that an initial portion of Deputy Velez's body-worn-camera recording was unavailable or not produced.

**44.** Plaintiff alleges that the suppression record includes discussion of an incorrect body-camera date and time gaps. (Ex. D)

**45.** The Circuit Court granted Plaintiff's Motion to Suppress. (Ex. E)

**46.** After suppression, the State terminated the prosecution by filing a Nolle Prosequi. (Ex. F)

**47.** Plaintiff thereafter sought return of his seized firearms.

**48.** The County Court ordered the return of Plaintiff's firearms. (Ex. G)

**49.** Plaintiff alleges that the detention, arrest, prosecution, seizure of property, and associated proceedings caused loss of liberty, financial loss, humiliation, emotional distress, anxiety, and other damages.

**50.** Plaintiff further alleges that a psychological evaluation documents trauma associated with the incident; the evaluation itself should be handled subject to counsel's privilege, privacy, evidentiary, and filing-strategy decisions.

## VI. BODY-WORN CAMERA, PRESERVATION, AND DISCOVERY ALLEGATIONS

**51.** Body-worn-camera recordings and their native metadata are material to the chronology and circumstances of the encounter. (Ex. I)

**52.** Plaintiff expects discovery to include native recordings, metadata, audit logs, upload histories, synchronization information, evidence-management records, CAD records, MDT records, radio traffic, reports, property records, and supervisory communications.

**53.** Plaintiff also expects discovery concerning applicable Orange County Sheriff's Office policies and training governing welfare checks, investigative detention, firearm encounters, handcuffing, vehicle searches, body-worn cameras, evidence preservation, supervision, and intervention. (Ex. J)

**54.** Plaintiff does not presently allege intentional destruction of evidence solely from the existence of a missing or unavailable recording segment and reserves the right to seek appropriate amendment if discovery supplies a good-faith basis. (Ex. I)

**55.** Plaintiff requests preservation of all potentially relevant electronically stored information and physical evidence.

## VII. FEDERAL CLAIMS

### COUNT I – UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

**56.** Plaintiff incorporates the preceding allegations to the extent applicable to this Count.

**57.** Defendants Velez, Shaheed, and Rosa acted under color of state law.

**58.** Plaintiff alleges that the encounter became a seizure when officers used a show of authority, including drawn firearms, commands, removal from the vehicle, and handcuffing, such that a reasonable person would not have felt free to leave. (Ex. I)

**59.** Plaintiff alleges that the seizure and its continuation were unreasonable under the totality of the circumstances because he was cooperative, did not flee, did not resist, and did not threaten the officers.

**60.** Plaintiff alleges that the degree and duration of restraint exceeded what was reasonably justified by the facts known to the officers.

**61.** As a direct and proximate result, Plaintiff suffered loss of liberty and other compensable injury.

**WHEREFORE**, Plaintiff demands judgment on Count I, compensatory damages, punitive damages against individual Defendants where permitted, costs, attorney's fees under 42 U.S.C. § 1988, and other lawful relief.

## COUNT II – UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

**62.** Plaintiff incorporates the preceding allegations to the extent applicable to this Count.

**63.** Plaintiff alleges that deputies conducted a warrantless search of his vehicle while he was handcuffed and under police control, but not under arrest.

**64.** The search included the passenger compartment, glove compartment, and trunk and resulted in discovery and seizure of a second firearm.

**65.** Plaintiff alleges that no applicable exception to the warrant requirement justified the full scope of the search as conducted.

**66.** Plaintiff alleges that Velez and Shaheed participated directly in the search and that Rosa participated in or failed to intervene in continued conduct to the extent established by the evidence.

**67.** As a direct and proximate result, Plaintiff suffered deprivation of privacy and property interests and other compensable damages.

**WHEREFORE**, Plaintiff demands judgment on Count II and all relief authorized by federal law.

## COUNT III – ARREST WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983

**68.** Plaintiff incorporates the preceding allegations to the extent applicable to this Count.

**69.** Plaintiff alleges that Deputy Velez caused or materially participated in Plaintiff's arrest.

**70.** Plaintiff alleges that, at the time of arrest, the facts and circumstances known to Velez were insufficient to establish probable cause for the charged offense.

**71.** The criminal court later suppressed evidence obtained during the encounter, and the prosecution thereafter ended by Nolle Prosequi. (Ex. E and F)

**72.** Plaintiff acknowledges that suppression and dismissal do not by themselves establish civil liability and relies on the underlying facts and evidence concerning the arrest.

**73.** As a direct and proximate result, Plaintiff suffered loss of liberty, defense expenses to the extent recoverable, emotional distress, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Deputy Velez and all relief authorized by federal law.

## COUNT IV – OFFICIAL-CAPACITY / MONELL LIABILITY UNDER 42 U.S.C. § 1983

**74.** Plaintiff incorporates the preceding allegations to the extent applicable to this Count.

**75.** Sheriff Mina is sued in his official capacity only on this Count.

**76.** Plaintiff does not seek to impose federal municipal liability under a theory of respondeat superior.

**77.** Plaintiff alleges, upon information and belief and subject to discovery, that one or more policies, customs, practices, failures to train, failures to supervise, or deliberately indifferent practices concerning investigative detentions, firearm encounters, vehicle searches, body-worn cameras, evidence preservation, and/or intervention were a moving force behind the constitutional injury.

**78.** Plaintiff presently lacks access to internal training, complaint, audit, disciplinary, supervisory, and policy materials necessary to plead greater factual detail and reserves the right to amend consistent with Rule 11 and Rule 15 after discovery.

**79.** To the extent discovery does not support an actionable policy, custom, or deliberately indifferent training/supervision theory, Plaintiff will not pursue unsupported Monell theories.

**WHEREFORE**, Plaintiff demands compensatory and declaratory relief as legally available, costs, attorney's fees under § 1988, and other lawful relief. No punitive damages are sought against the governmental entity.

## COUNT V – FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

**80.** Plaintiff incorporates the preceding allegations to the extent applicable to this Count.

**81.** Plaintiff alleges that Sergeant Shaheed and Deputy Rosa observed or had reason to know of unconstitutional detention, search, or arrest conduct and had a realistic opportunity to intervene.

**82.** Plaintiff alleges that each failed to take reasonable steps to prevent or terminate unconstitutional conduct to the extent shown by the evidence.

**83.** As a direct and proximate result, Plaintiff suffered loss of liberty and other compensable injury.

**WHEREFORE**, Plaintiff demands judgment against the responsible individual Defendants and all relief authorized by federal law.

## COUNT VI – INDIVIDUAL SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983

**84.** Plaintiff incorporates the preceding allegations to the extent applicable to this Count.

**85.** Sergeant Shaheed possessed supervisory authority during the encounter.

**86.** Plaintiff alleges that Shaheed personally participated in material portions of the encounter and had an opportunity to direct, modify, suspend, or terminate conduct alleged to be unconstitutional. (Ex. A and I)

**87.** Plaintiff seeks individual supervisory liability only to the extent the evidence establishes the personal participation, causal connection, and state of mind required by governing federal law, and not on respondeat superior.

**WHEREFORE**, Plaintiff demands judgment against Sergeant Shaheed and all relief authorized by federal law.

## VIII. FLORIDA TORT CLAIMS

### COUNT VII – FALSE IMPRISONMENT / FALSE ARREST (FLORIDA LAW)

**88.** Plaintiff incorporates the preceding factual allegations to the extent applicable to this Count.

**89.** Plaintiff was intentionally restrained against his will when he was ordered from the vehicle at gun point, handcuffed, detained, and then later arrested. (Ex. A and I)

**90.** Plaintiff did not consent to the restraint and was not free to leave.

**91.** Plaintiff alleges that the restraint was unlawful and without sufficient legal authority.

**92.** To the extent the deputies acted within the course and scope of employment and without conduct removing them from statutory immunity, Plaintiff asserts this claim against Sheriff Mina in his official capacity pursuant to Florida law.

**93.** Plaintiff pleads individual liability against any deputy only in the alternative and only if the evidence establishes the statutory basis necessary to overcome employee immunity under section 768.28(9)(a), Florida Statutes.

**94.** As a direct and proximate result, Plaintiff suffered loss of liberty, humiliation, emotional distress, and other damages recoverable under Florida law.

**WHEREFORE**, Plaintiff demands compensatory damages and other relief permitted by Florida law, subject to applicable sovereign-immunity limitations.

## COUNT VIII – MALICIOUS PROSECUTION (FLORIDA LAW)

**95.** Plaintiff incorporates the preceding factual allegations to the extent applicable to this Count.

**96.** A criminal judicial proceeding was commenced or continued against Plaintiff arising from the November 2022 encounter. (Ex. B)

**97.** Plaintiff alleges that Deputy Velez was a legal cause of the commencement or continuation of that proceeding through his material participation in the arrest and information supplied in support of the charge.

**98.** The criminal proceeding terminated in Plaintiff's favor by Nolle Prosequi after suppression of evidence. (Ex. F)

**99.** Plaintiff alleges that probable cause was lacking for the prosecution.

**100.** Plaintiff alleges malice to the extent it may be inferred from the facts and proven by competent evidence;

**101.** Plaintiff suffered damages from the prosecution, including defense expenses to the extent recoverable, emotional distress, reputational harm, and financial loss.

**WHEREFORE**, Plaintiff demands judgment against the legally responsible Defendant, compensatory damages, and such other relief as Florida law permits. Any request to plead punitive damages under Florida law shall comply with section 768.72 and other applicable procedural requirements.

## COUNT IX – CONVERSION / WRONGFUL RETENTION OF PERSONAL PROPERTY (FLORIDA LAW)

**102.** Plaintiff incorporates the preceding factual allegations to the extent applicable to this Count.

**103.** Plaintiff owned or had the immediate right to possess the firearms and any other personal property proven to have been seized from him.

**104.** Law enforcement exercised dominion and control over the property by seizing and retaining it. (Ex. A)

**105.** Plaintiff alleges that continued retention after the legal basis for possession ceased was inconsistent with his possessory rights.

**106.** The County Court ultimately ordered the return of Plaintiff's firearms. (Ex. G)

**107.** Plaintiff alleges loss of use and other damages from wrongful retention to the extent established by evidence.

**108.** This Count is asserted against the governmental entity only to the extent permitted by Florida sovereign-immunity law and should be refined after counsel confirms the property chronology, demand for return, and statutory notice record.

**WHEREFORE**, Plaintiff demands compensatory damages, interest where authorized, taxable costs, and other lawful relief.

## X. DAMAGES

**109.** As a direct and proximate result of the conduct alleged, Plaintiff claims loss of liberty, emotional distress, humiliation, embarrassment, anxiety, inconvenience, reputational injury, financial loss, loss of use of property, and other damages proven at trial and legally recoverable on the particular count.

**110.** Plaintiff incurred expenses in defending the criminal prosecution and seeks those expenses only to the extent recoverable under the governing cause of action.

**111.** Plaintiff alleges psychological trauma associated with the encounter and prosecution. (Ex. K)

**112.** Plaintiff seeks punitive damages only against individual Defendants and only where the governing federal or state law permits such relief. Plaintiff does not seek punitive damages against Sheriff Mina in his official capacity or the governmental entity.

**113.** For Florida-law punitive damages, Plaintiff recognizes the pleading procedure of section 768.72, Florida Statutes, and does not intend this Complaint to circumvent any required evidentiary proffer or leave-to-amend procedure.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

- Enter judgment in Plaintiff's favor on each count proven;
- Award compensatory damages in an amount determined by the jury, subject to applicable statutory limitations;
- Award punitive damages against individual Defendants where legally authorized and procedurally proper;
- Award attorney's fees under 42 U.S.C. § 1988 on prevailing federal claims;
- Award taxable costs, prejudgment interest, and post-judgment interest where authorized;
- Grant appropriate declaratory relief on the federal claims where a live case or controversy supports such relief; and
- Grant such other relief as the Court deems just and proper.

## XII. DEMAND FOR JURY TRIAL

**114.** Plaintiff demands trial by jury on all issues so triable as a matter of right.

## XIII. RESERVATION REGARDING AMENDMENT AND DISCOVERY

**115.** Plaintiff has not yet had civil discovery concerning native body-camera files, metadata, CAD/MDT materials, training, supervision, complaints, internal reviews, or other records uniquely within Defendants' possession.

**116.** Plaintiff reserves the right to seek leave to amend under Federal Rule of Civil Procedure 15 as discovery supplies additional facts, provided any amendment is consistent with Rule 11 and applicable scheduling orders.

**117.** Plaintiff likewise reserves the right to withdraw or narrow any theory not supported by the evidentiary record.

## XIV. PRESERVATION OF EVIDENCE

**118.** Plaintiff requests preservation of all native body-worn-camera recordings and metadata; CAD and MDT records; radio and dispatch traffic; incident, arrest, and supplemental reports; evidence and property logs; chain-of-custody records; emails, text messages, and supervisory communications; relevant training and policy materials; photographs; audit logs; and other electronically stored information relating to the incident and subsequent handling of evidence.

**119.** This preservation request is not itself an allegation of spoliation or intentional destruction.

**Dated**: 11/5/2026

Respectfully submitted,

/s/ Kevin C. Maxwell
KEVIN C. MAXWELL, ESQ.
Fla. Bar#:0604976
255 Primera Blvd. Suite 160
Lake Mary, Florida 32746
Tel. (407) 467-4960
Primary Email: kevin@kmaxwellesq.com

*Counsel for Plaintiff Michael Christopher Brown*

**PROPOSED EXHIBIT INDEX**

| Exhibit | Description |
|---|---|
| A | Incident / Arrest Report |
| B | Charging Document / Criminal Docket Materials |
| C | Motion to Suppress |
| D | Suppression Hearing Transcript dated March 10, 2023 |
| E | Order Granting Motion to Suppress |
| F | Nolle Prosequi / Dismissal Documentation |
| G | Motion to Release and Return Firearms and Order Returning Firearms |
| H | Property / Evidence Receipts and Return Records |
| I | Body-Worn Camera Files / Recording Log |
| J | Applicable OCSO Body-Worn Camera Policy |
| K | Psychological Evaluation (will be provided upon request and under seal) |
| L | August 23, 2023: Notice of Claim under section 768.28, Florida Statutes, directed to Sheriff John Mina, Orange County Mayor Jerry L. Demings, and the Florida Chief Financial Officer/Department of Financial Services. |
| M | February 23, 2024: Orange County Risk Management correspondence concerning notice and directing notification to the Orange County Sheriff's Office. |
| N | March 21, 2024: The Florida Sheriff's Office correspondence, indicating that the Orange County Sheriff's Office had forwarded our correspondence from February 13, 2024 – Follow up notice under 768.28. |